UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY LAMAR CARD, | CASE NO. 3:25-cv-05213-DGE |
| Plaintiff, | NOTICE OF INTENT TO ENTER BAR ORDER |
| v. | |
| NICHOLAS W. BROWN, | |
| Defendant. | |

## I      INTRODUCTION

This matter is before the Court on its own motion.  Pro se plaintiff Tony Lamar Card has filed at least 22 cases in this District since August 2023.  Twenty-one of those cases have already been dismissed as duplicative, frivolous, or otherwise without merit.  The remaining case has a pending Report and Recommendation (R&R) to dismiss the case for the same reasons.

For the reasons discussed below, this Order informs Card of the Court's intention to enter an Order barring him from commencing similar vexatious litigation in this District.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

## II        PROCEDURAL HISTORY

This is a brief overview of each of the 20 cases Card has filed in this District that have been dismissed:

1.  *Card v. King County Superior Court et al*, Case No. 2:23-cv-01343-JCC, filed August 23, 2023.  Card initiated litigation against the Pierce County Superior Court and its agents alleging unlawful arrest and unlawful "kidnapping" of his "boy (offspring)," and seeking immediate return.  (Dkt. No. 1-1 at 5–6.)[1]  The Court identified that Plaintiff's claims were likely barred by judicial immunity and were otherwise not clearly stated, and ordered him to file an amended complaint.  (Dkt. No. 7.)  Plaintiff filed an amended complaint, which included 524 pages of exhibits.  (Dkt. No. 8.)  The Court found that the amended complaint did not cure the deficiencies and also did not comply with Federal Rule of Civil Procedure 8 because it did not contain a "short" or "plain statement" of the claims.  (Dkt. No. 10 at 2.)  On October 12, 2023, the Court dismissed the complaint without prejudice.  (*Id.*, Dkt. No. 11.)  More than a year later, on April 23, 2025, Plaintiff filed a Notice of "Unlawful action" and on May 1, 2023 a "Judicial Notice and Freedom of Information Act Request," both of which make incoherent allegations of impropriety and treason.  (Dkt. Nos. 12, 13.)  The notice

---

[1] Plaintiff's complaint is signed with a fingerprint in what appears to be red ink.  (*See* Case No. 2:23-cv-01343-JCC, Dkt. Nos. 1-1 at 2, 7; 1-2 at 8; 1-3 at 6.)  Fingerprints like this appear across multiple dockets.  Plaintiff's papers also frequently feature a coat of arms (*see e.g.*, Case No. 2:23-cv-01343-JCC, Dkt. No. 8-1 at 1.)  Plaintiff refers to himself as "Sui Juris, Jus Soli" (*see e.g*, Case No. 3:25-cv-05219-TMC, Dkt. No. 1-1 at 1).  He states that he "no longer consents to be governed." (*See e.g.*, Case No. 2:23-cv-01343-JCC, Dkt. No. 12 at 14.)

1    warns judges that the death penalty applies to treason.  (*See* Dkt. No. 12 at 10.)

2    Plaintiff filed these same notices in numerous cases on the same date, *see infra*.

3    2.  *Card v. Tacoma Municipal Court et al*, Case No. 3:23-cv-05781-DGE, filed

4    August 29, 2023.  This case, filed the same date as the above action, makes

5    identical accusations.  (*See* Dkt. No. 1-1.)  Plaintiff filed an amended complaint

6    seeking an "immediate injunction" against the Tacoma Municipal Court and All

7    City Bail Bonds.  (Dkt. No. 4 at 9.)  He also filed exhibits, totaling more than 100

8    pages in length.  (Dkt. Nos. 5, 6.)  A Magistrate Judge found that the amended

9    complaint failed to comply with Rule 8 as it did not provide a short, plain

10   statement of the claim, but granted leave to amend.  (Dkt. No 9.)  Plaintiff did not

11   file an amended complaint but instead a "Lawful Notice" accusing the Magistrate

12   Judge of treason.  (Dkt. No. 12 at 2.)  Because Plaintiff did not file an amended

13   complaint, the Magistrate Judge issued a Report and Recommendation (R&R)

14   dismissing the claim (Dkt. No. 13.)  Plaintiff filed objections styled as an

15   "Affidavit of Truth" (Dkt. No. 14) and another "Lawful Notice" (Dkt. No. 15.)

16   This Court adopted the R&R, finding that the objections were "difficult, if not

17   impossible, to follow" and did not address the deficiencies in the complaint.  (Dkt.

18   No. 16 at 2.)  After dismissal, Plaintiff continued to file a Demand for Injunction

19   (Dkt. No. 19), Demand for Immediate Impeachment (Dkt. No. 20), Claim Against

20   Unlawful Action (Dkt. No. 21) and Judicial Notice and Freedom of Information

21   Act Request (Dkt. No. 22.)

22   3.  *Card v. Leupold*, 3:23-cv-06152-TMC, filed December 14, 2023. Plaintiff

23   initiated this action against a Magistrate Judge who had ruled against him, stating

24

1    "I am simply loading the bases for the grand slam in hopes to find an honest judge

2    to keep around after the other's see military tribunals in 'GITMO' for their

3    treason[.]" (Dkt. No. 1-1 at 3.)  The complaint is 172 pages long, mostly

4    comprising irrelevant recitations of various laws.  (*See id.*)  Another Magistrate

5    Judge issued an R&R holding that the defendant was immune from suit, the

6    complaint stated no clear claim against him, and leave to amend would be futile.

7    (Dkt. No. 4.)  On January 5, 2024, the Court adopted the R&R and dismissed the

8    case with prejudice.  (Dkt. Nos. 6, 7.)  Plaintiff subsequently filed a "Lawful

9    Notice" alleging treason (Dkt. No. 8), a Demand for Immediate Injunction (Dkt.

10   No. 9), and a Demand for Immediate Impeachment (Dkt. No. 10.)  In 2025,

11   Plaintiff filed additional notices.  (Dkt. Nos. 11, 12.)

12   4.   *Card v. Christel et al,* 3:24-cv-05005-SAB, filed January 2, 2024.  Plaintiff

13        initiated this case against various judges of this District who had ruled against

14        him.   (Dkt. No. 1.)  The Court found that Plaintiff's complaint was barred by

15        judicial immunity, and was not supported by any facts, and dismissed it with

16        prejudice.  (Dkt. No. 7.)  Plaintiff filed a Demand for Immediate Injunction (Dkt.

17        No. 6), and a Demand for Immediate Impeachment (of 96 pages in length) (Dkt.

18        No. 8.)  In 2025, Plaintiff filed additional notices.  (Dkt. Nos. 10, 11.)

19   5.   *Card v. Tacoma Municipal Court et al*, 3:24-cv-05007-DGE, filed January 2,

20        2024.  Plaintiff again sued the Tacoma Municipal Court alleging false arrest and

21        kidnapping.  (Dkt. No. 1 at 5.)  Plaintiff filed a "Lawful Notice" making

22        allegations against judges of the district, the Clerk of Court, and the Clerk's staff,

23        (Dkt. No. 4) and demands for injunction (Dkt. No. 5) and impeachment (Dkt. No.

24

6.)  This Court dismissed the complaint without prejudice because Plaintiff did not submit an *in forma pauperis* (IFP) application and did not pay the filing fee. (Dkt. No. 8.)  In 2025, Plaintiff filed additional notices.  (Dkt. Nos. 9, 10.)

6.  *Card v. Hillman,* 3:24-cv-05764-DGE, filed September 10, 2024.  Plaintiff sued King County Sheriff Luke Hillman and King County SWAT alleging unlawful arrest, trespass, and kidnapping.  (Dkt. No. 1.)  A Magistrate Judge found that Plaintiff's complaint failed to state a claim under Rule 8 but afforded leave to amend.  (Dkt. No. 4.)  Plaintiff filed an "Affidavit of Truth" stating that as to judges who find his filings fail to comply with Rule 8, "you are either in dishonor or completely retarded as it does not get any more cut and dry of a specific complaint[.]"  (Dkt. No. 5 at 2.)  He also filed a notice alleging that judges in the District are guilty of treason.  (Dkt. No. 6.)  The Magistrate Judge issued an R&R dismissing the complaint, finding that Plaintiff's various filings still failed to comply with Rule 8 or state facts to support a claim.  (Dkt. No. 8.)  On December 5, 2024, this Court adopted the R&R.  (Dkt. No. 9.)  In 2025, Plaintiff filed various notices.  (Dkt. Nos. 11, 12.)

7.  *Card v. All City Bail Bonds*, 3:24-cv-05802-LK, filed September 24, 2024. Plaintiff alleged criminal trespass against All City Bail Bonds.  (Dkt. No. 1.)  A Magistrate Judge found that Plaintiff qualified for IFP status but that his complaint failed to state a claim.  (Dkt. No. 7.)  Plaintiff filed a "Notice" which included an image of paper envelopes addressed to various judges of this District and an accusation that failure to respond would constitute criminal conspiracy. (Dkt. No. 9 at 2–3.)  The Court dismissed the complaint, finding Plaintiff had not

1    stated any basis for jurisdiction, but afforded leave to amend.  (Dkt. No. 10.)

2    Plaintiff did not amend his complaint by the deadline, so on December 18, 2024

3    the case was dismissed without prejudice.  (Dkt. No. 11.)  In 2025, Plaintiff filed

4    additional notices.  (Dkt. Nos. 13, 14.)

5    8.  *Card v. Pierce County Sheriffs Department et al*, 3:24-cv-05814-DGE, filed

6    September 26, 2024.  Plaintiff initiated suit against a Pierce County Sheriff's

7    Deputy and two King County Superior Court judges, alleging that the deputy was

8    leaving him unwanted voicemails and the judges did not recognize that "I do not

9    consent to be governed."  (Dkt. No. 1-1.)  The Court found that Plaintiff

10    financially qualified for IFP status but that his complaint did not state a basis for

11    jurisdiction and did not comply with Rule 8, but afforded leave to amend.  (Dkt.

12    No. 5.)  Plaintiff filed an "Affidavit of Truth," (Dkt. No. 4) and a document

13    accusing judges of treason (Dkt. No. 7) but no amended complaint.  A Magistrate

14    Judge issued an R&R dismissing the complaint (Dkt. No. 9), which this Court

15    adopted on February 27, 2025.  (Dkt. No. 10).  Plaintiff subsequently filed

16    additional notices.  (Dkt. Nos. 12, 13.)

17    9.  *Card v. Pierce County Sheriff's Department et al*, 3:24-cv-05837-TL, filed

18    September 24, 2024.  Plaintiff brought suit against two sheriff's deputies alleging

19    false arrest.  (Dkt. No. 1-1.)  A Magistrate Judge found that Plaintiff qualified for

20    IFP status but likely failed to state a claim.  (Dkt. No. 4.)  Plaintiff again filed an

21    identical complaint.  (Dkt. No. 5.)  The Court dismissed the complaint, finding

22    Plaintiff had not cited any basis for jurisdiction and provided no facts to support

23    his claim, but allowed 31 days leave to amend.  (Dkt. No. 6.)  Plaintiff filed an

24

1    "Affidavit of Truth," and other notices (Dkt. Nos. 7, 8, 9) but no amended

2    complaint.  On December 11, 2024, the Court dismissed for failure to prosecute.

3    (Dkt. No. 10.)  Plaintiff subsequently filed additional notices.  (Dkt. Nos. 12, 13.)

4    10. *Card v. Owens*, 3:24-cv-05839-DGE, filed October 1, 2024. Plaintiff initiated suit

5    against Cherie Ownes, who he alleged "has conspired with Luke Hillman to

6    kidnap my offspring and go into hiding with him."  (Dkt. No. 1-1 at 5.)  A

7    Magistrate Judge found the complaint was deficient because Plaintiff failed to

8    state any factual information to support the claim, but granted leave to amend.

9    (Dkt. No. 4.)  Plaintiff then filed an "Affidavit of Truth," a miscellaneous

10    document, and other notice, making various allegations.  (Dkt. Nos. 5, 6, 7.)  The

11    Magistrate issued an R&R dismissing the case for failure to amend.  (Dkt. No. 8.)

12    This Court then adopted the R&R.  (Dkt. No. 9.)  Plaintiff subsequently filed a

13    "Claim Against Unlawful Action – Fundamental Error" and other notices.  (Dkt.

14    Nos. 11, 12, 13, 14.)

15    11. *Card v. Kohl*, 3:24-cv-05883-DGE, filed October 18, 2024. Plaintiff initiated suit

16    against Amy Kohl of the Washington Department of Social and Health Services

17    alleging that "I have had money stoled [sic] from me without my consent or

18    lawful court order."  (Dkt. No. 1-1 at 5.)  A Magistrate Judge found Plaintiff's

19    complaint was deficient, in that it "[i]t is unclear how his claims [about stolen

20    money] relate to Defendant Kohl," but afforded leave to amend.  (Dkt. No. 4 at 3.)

21    Plaintiff filed a letter directed to the clerk stating that the case should be

22    recaptioned to include the Department of Social and Health Services in the

23    caption, but still not providing any factual support for the allegation.  (*See* Dkt.

24

No. 5.)  The Magistrate Judge issued an R&R dismissing the complaint, finding that Plaintiff had failed to amend and his letter "does not address the deficiencies of his proposed complaint or otherwise respond to the Court's Order." (Dkt. No. 6 at 2.)  This Court adopted the R&R.  (Dkt. No. 7.)  Plaintiff subsequently filed additional notices (Dkt. Nos. 9, 10.)

12.  *Card v. Fricke,* 3:24-cv-05902-DGE, filed October 25, 2024. Plaintiff filed this case against a Magistrate Judge in this district, alleging that she was "impersonating a magistrate judge" and asserting that "sending documents not signed in legal capacity hold no weight and conspire to deprive me of my rights." (Dkt. No. 1-1 at 2, 5.)  A different Magistrate Judge issued an R&R finding that the complaint was deficient because the sole defendant has judicial immunity, and dismissing with prejudice and without leave to amend.  (Dkt. No. 5.)  This Court adopted the R&R.  (Dkt. No. 6.)  Plaintiff subsequently filed a "Claim Against Unlawful Action – Fundamental Error" and another notice.  (Dkt. Nos. 7, 8.)

13.  *Card v. Subramanian*, 3:24-cv-05911-JNW, filed October 29, 2024.  Plaintiff initiated this case against the Clerk of Court, whom he accused of "impersonating a federal court clerk," asserting that the clerk was "sending documents not signed in legal capacity or providing court seal [that] hold no weight and conspire[ing] to deprive me of my rights under color of law." (Dkt. No. 1-1 at 2, 5.)  A Magistrate Judge found that Plaintiff financially qualified for IFP status but that his complaint was likely deficient.  (Dkt. No. 4.)  The Court dismissed for failure to state a claim, but afforded leave to amend.  (Dkt. No. 6.)  Plaintiff filed a notice that did not respond to the Court's order, and the Court dismissed the complaint

with prejudice.  (Dkt. No. 7, 8.)  Plaintiff subsequently filed notices.  (Dkt. Nos. 9, 10.)

14. *Card v. Christel,* 3:24-cv-05932-BHS, filed November 7, 2024.  Plaintiff initiated suit against a Magistrate Judge of this District, whom he termed a "dishonorable court judge" and accused of "sending documents not signed in judicial capacity or providing court seal."  (Dkt. No. 1-1 at 2, 5.)  A different Magistrate Judge issued an R&R to dismiss the case with prejudice, finding that the claim was not supported in law or fact and was barred by judicial immunity.  (Dkt. No. 4.)  This Court adopted the R&R.  (Dkt. No. 5.)  Plaintiff filed subsequent notices.  (Dkt. Nos. 7, 8.)

15. *Card v. Subramanian*, 3:24-cv-05933-TMC, filed November 7, 2024.  Plaintiff filed another case against the Clerk of Court, making essentially identical allegations to *Card v. Subramanian*, 3:24-cv-05911-JNW.  A Magistrate Judge issued an R&R to dismiss the case as frivolous, finding it was barred by judicial immunity.  (Dkt. No. 4.)  The Court adopted the R&R.  (Dkt. No. 5.)  Plaintiff filed subsequent notices.  (Dkt. Nos. 7, 8.)

16. *Card v. Brown,* 3:25-cv-05213-DGE, filed March 13, 2025.  Plaintiff initiated this action against Nicholas Brown, the Attorney General of Washington.  Plaintiff alleged that Brown received a document and "refused to respond to it," and sought a writ of habeas corpus "returning my son that was unlawfully kidnapped." (Dkt. No. 1-1 at 5.)  A Magistrate Judge issued an R&R to dismiss the complaint with prejudice and without leave to amend, finding that it did not state a claim and had no factual basis. (Dkt. No. 4.)  Plaintiff filed two documents titled "Claim

1    Against Unlawful Action," and one "Judicial Notice and Freedom of Information

2    Act Request." (Dkt. Nos. 5, 6, 7.) The Court adopted the R&R. (Dkt. No. 8.)

3    17. *Card v. Oaks,* 3:25-cv-05214-TMC, filed March 13, 2025. This is the first in a

4    series of five nearly identical cases filed on the same date, *see infra.* Plaintiff

5    initiated suit against Lloyd D. Oaks, stating that Oaks is "[a] Judge of the Superior

6    Court of Pierce County that has failed to respond to documents[.]" (Dkt. No. 1-1

7    at 5.) Plaintiff again sought a "writ of habeas corpus returning my son that was

8    unlawfully kidnapped[.]" (*Id.*) A Magistrate Judge issued an R&R to dismiss the

9    complaint with prejudice and without leave to amend, finding that the claim was

10    barred by judicial immunity and that Plaintiff failed to state basic facts such as

11    "who sent the documents, what type of documents were sent, the nature of any

12    proceedings before Judge Oaks, or how Judge Oaks' failure to respond was in fact

13    a violation of Plaintiff's civil rights." (Dkt. No. 4 at 3.) The Court adopted the

14    R&R. (Dkt. No. 5.) Plaintiff subsequently filed various notices. (Dkt. Nos. 7, 8,

15    9.)

16    18. *Card v. Kiesel,* 3:25-cv-05215-TMC, filed March 13, 2025. This is second in a

17    series of identical cases filed on the same date. Plaintiff initiated the suit against

18    "[a] Judge of the Superior Court of Pierce County that has failed to respond to

19    documents" and sought a "writ of habeas corpus returning my son that was

20    unlawfully kidnapped[.]" (Dkt. No. 1-1 at 5.) A Magistrate Judge issued an R&R

21    to dismiss the case with prejudice and without leave to amend, finding that the

22    claim was barred by judicial immunity and not supported by any facts. (Dkt. No.

23

24

4.)  The Court adopted the R&R.  (Dkt. No. 6.)  Plaintiff subsequently filed

various notices.  (Dkt. Nos. 8, 9, 10.)

19. *Card v. Sorenson*, 3:25-cv-05216-TMC, filed March 13, 2025.  This is the third

nearly identical case filed on the same date against a judge of the Pierce County

Superior Court for failure to respond to documents.  (*See* Dkt. No. 1-1.)  A

Magistrate Judge issued an R&R to dismiss the case with prejudice and without

leave to amend, finding it barred by judicial immunity and not supported by facts.

(Dkt. No. 4.)  The Court adopted the R&R.  (Dkt. No. 5.)  Plaintiff filed four

different notices, including three "Claim[s] Against Unlawful Action" alleging

treason on the part of judges in the District.  (Dkt. Nos. 7, 8, 9, 10.)

20. *Card v. Henderson*, 3:25-cv-05217-DGE, filed March 13, 2025.  This is the fourth

nearly identical case against a judge of the Pierce County Superior Court.  (*See*

Dkt. No. 1-1.)  A Magistrate Judge issued an R&R to dismiss the case as barred

by judicial immunity and unsupported by fact.  (Dkt. No. 4.)  Plaintiff filed three

notices, including two "Claim[s] Against Unlawful Action."  (Dkt. Nos. 5, 6, 7.)

The Court adopted the R&R.  (Dkt. No. 8.)

21. *Card v. Blinn,* 3:25-cv-05218-TMC, filed March 13, 2025.  This is the fifth in the

series of identical cases against judges of the Pierce County Superior Court.  (*See*

Dkt. No. 1-1.)  A Magistrate Judge issued an R&R to dismiss the case with

prejudice.  (Dkt. No. 4.)  The Court adopted the R&R.  (Dkt. No. 6.)  Plaintiff

filed four notices including three "Claim[s] Against Unlawful Action."  (Dkt.

Nos. 5, 8, 9, 10.)

1    22. As of this date, Plaintiff has one case currently pending, *Card v. Bamford et al.*,

2         3:25-cv-05219-TMC, filed March 13, 2025.  Plaintiff alleges that Defendants

3         entered his property without permission and are attempting to foreclose on the

4         property, threatening and displacing his "guests."  (Dkt. No. 1-1 at 5.)  A

5         Magistrate Judge issued an R&R to dismiss the case but afforded leave to amend

6         the complaint.  (Dkt. No. 4.)  The R&R finds that to the extent Plaintiff is

7         asserting a civil rights claim, his complaint failed to state a basis for state action

8         that would make a claim under 42 U.S.C. § 1983 viable.  (*Id.* at 4–5.)  To the

9         extent Plaintiff intended to plead a state law claim, he did not assert a basis for

10        jurisdiction.  (*See id.* at 5–6.)  Plaintiff filed a letter seeking default judgment

11        (Dkt. No. 5), and two other notices (Dkt. Nos. 6, 7) but did not file an amended

12        complaint.  On May 7, 2025, the Magistrate Judge issued an R&R to dismiss the

13        complaint for failure to prosecute because Plaintiff failed to file an amended

14        complaint.  (Dkt. No. 8.)  That R&R is noted for May 21, 2025.  (*Id.*)

15                              **III     DISCUSSION**

16        District courts have the inherent power to enter pre-filing orders against vexatious

17   litigants under The All Writs Acts, 28 U.S.C. § 1651(a).  *Molski v. Evergreen Dynasty Corp.*,

18   500 F.3d 1047, 1057 (9th Cir. 2007) ("Under the power of 28 U.S.C. § 1651(a), enjoining

19   litigants with abusive and lengthy histories is one such form of restriction that the district court

20   may take.").  Although such orders should be used sparingly, "[f]lagrant abuse of the judicial

21   process cannot be tolerated because it enables one person to preempt the use of judicial time that

22   properly could be used to consider the meritorious claims of other litigants."  *De Long v.*

23   *Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

24

1    In the Ninth Circuit, a vexatious litigant order may be entered when (1) the litigant has

2    received notice and a chance to be heard before the order is entered, (2) there is an adequate

3    record for review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious

4    litigant order is "narrowly tailored to closely fit the specific vice encountered."  *De Long*, 912

5    F.2d at 1147-48; *Molski*, 500 F.3d at 1057.

6    The first two factors are procedural, while the "latter two factors . . . are substantive

7    considerations . . . [that] help the district court define who is, in fact, a 'vexatious litigant' and

8    construct a remedy that will stop the litigant's abusive behavior while not unduly infringing the

9    litigant's right to access the courts." *Molski*, 500 F.3d at 1058.

10    **A. Notice and Opportunity to be Heard.**

11    The first factor requires that an individual has fair notice of the possibility that they may

12    be declared a vexatious litigant, and further, that they be given an opportunity to oppose the

13    order before it is entered. *Id*. at 1147, 1058.  This does not require the court to hold an in-person

14    hearing, as "the opportunity to brief the issue fully satisfies due process requirements."  *Reddy v.*

15    *MedQuist, Inc.*, No. 12-cv-1324-PSG, 2012 WL 6020010, at *3 (N.D. Cal. Dec. 3, 2012)

16    (quoting *Molski,* 500 F.3d at 1058); *see Gavin v. City & Cty. of S.F.*, No. 15-CV-05202-EMC,

17    2016 WL 126937, at *2 (N.D. Cal. Jan. 12, 2016) (holding opportunity to file a written

18    opposition satisfies first *De Long* factor; collecting cases).  This Order is notice to Card that the

19    Court intends to enter a bar Order, and it provides him an opportunity to submit a written

20    response before a pre-filing Order is potentially entered against him.

21    **B. Adequate Record for Review.**

22    An adequate record for review should include a listing of all the cases and motions that

23    lead the district court to conclude that a vexatious litigant order is needed. *De Long*, 912 F.2d at

24

1147 (*citing Martin–Trigona v. Lavien*, 737 F.2d 1254, 1260 (2d Cir. 1984)).  At a minimum, the

record should show that the litigant's activities are numerous or abusive.  *De Long*, 912 F.2d at

1147.

The Court has described above each of Card's 22 cases, their procedural history, and

Card's relentless filing of improper, incomprehensible, and irrelevant motions and other

documents, his failure to follow the Federal Rules of Civil Procedure, and his refusal or inability

to comply with court Orders. The Court has outlined the consistent dismissal of his meritless and

repetitive complaints for failure to state a plausible claim.

**C. Frivolous or Harassing Filings.**

The third *De Long* factor "gets to the heart of the vexatious litigant analysis," *see Molski*,

500 F.3d at 1059, and requires the district court to look to "both the number and content of the

filings as indicia" of the frivolousness of the litigant's claims, *De Long*, 912 F.2d at 1148. "An

injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not

only be numerous, but also be patently without merit."  *Molski*, 500 F.3d at 1059.

Because this factor requires substantive consideration, courts look toward a separate set

of considerations that provide a "helpful framework":

> (1) the litigant's history of litigation, and in particular whether it entailed vexatious,
> harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, in
> other words, whether the litigant has an objective good faith expectation of prevailing; (3)
> whether the litigant is represented by counsel; (4) whether the litigant has caused
> needless expense to other parties or has posed an unnecessary burden on the courts and
> their personnel; and (5) whether other sanctions would be adequate to protect the courts
> and other parties.

*Id.* at 1058.  These five substantive factors help determine whether a party is a vexatious litigant

and, if so, the sanction that is required to stop the vexatious litigation.  *Id.*  (citing *Safir v. U.S.*

*Lines, Inc.*, 792 F.2d 19, 24 (2nd Cir. 1986)).  The final consideration—whether other remedies

1   would be adequate to protect the courts and other parties—is particularly important. *Ringgold*

2   *Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1062 (9th Cir. 2014).

3        Card's pervasive filings demonstrate that he is a vexatious litigant.  He has filed 22

4   actions since 2023, of which 21 have been dismissed already for failure to state a claim, and the

5   last of which has a pending R&R for the same.  *See Johns v. Los Gatos*, 834 F. Supp. 1230, 1232

6   (N.D. Cal. 1993) (entering vexatious litigant order against a plaintiff who had filed five similar

7   actions over a period of ten years).  Each of his cases involve numerous notices and exhibits,

8   sometimes hundreds of pages in length, which contain irrelevant information, rambling thoughts,

9   and harassing or threatening language directed at judges of this District.  Card's central

10  complaint is a serious matter, an alleged kidnapping of his son, but across 22 different cases Card

11  has failed to articulate facts supporting a viable claim.  Rather, his frequent reference to a family

12  court matter suggests that if Card lost custody of his son, it was through lawful process.  Card's

13  filings are often highly duplicative—typified by the 5 identical cases he filed on March 13, 2025

14  against various judges of the Pierce County Superior Court, each barred by judicial immunity.

15  And when Card has faced dismissal of his claims, he has chosen not to respond through the

16  avenue often provided to him—leave to amend his complaint with instructions as to what would

17  be needed to assert viable claims—and has instead resorted to threats, with frequent reference to

18  impeachment (a process that the courts have no control over), treason, or even execution.  On

19  this record, the first and second factors weigh heavily in favor of a bar order.

20        Card's vexatious litigation has been a drain on this Court's resources.  Each of the 22

21  cases, and their voluminous notices and exhibits, has required review by the Clerk's Office,

22  Magistrate Judges, District Judges, and the staff of each of these units.  Card has abused the *in*

23  *forma pauperis* process, designed to allow litigants an opportunity to have their claims heard

24

1    regardless of resources.  At the same time, the Court finds that other sanctions, including

2    monetary fines, would be punitive and ineffectual.  Card has repeatedly qualified for IFP status

3    due to his lack of assets, meaning he has no funds to pay a fine, and his history of litigation

4    suggests that a fine would not deter him from filing more baseless claims.  None of Card's cases

5    has ever involved representation of counsel, and none have been served to defendants.  The third,

6    fourth, and fifth factors weigh in favor of a bar order, and the Court finds that nothing short of a

7    bar order would adequately redress Card's vexatious conduct.

8         **D. Narrowly Tailored.**

9         The final factor requires that a pre-filing order be narrowly tailored to the vexatious

10   litigant's wrongful behavior.  *Molski*, 500 F.3d at 1061.  "Narrowly tailored orders are needed 'to

11   prevent infringement of the litigator's right of access to the courts.'"  *De Long*, 912 F.2d at 1148

12   (*citing Sires v. Gabriel*, 748 F.2d 49, 51 (1st Cir. 1984)).  The pre-filing restriction must fit the

13   plaintiff's specific practices.  *See, e.g., Wood v. Santa Barbara Chamber of Com., Inc.*, 705 F.2d

14   1515, 1525 (9th Cir. 1983) (the injunction must describe in reasonable detail the act or acts

15   sought to be restrained).

16        The problem the Court seeks to address with this bar order is Card's repeated, frivolous,

17   and harassing litigation.  The bar order is no less and no greater than the remedy needed to deal

18   with that specific problem.

19               **IV      ORDER TO SHOW CAUSE**

20        Based on these findings and a thorough review of the record, the Court **ORDERS**

21   Plaintiff Card to **SHOW CAUSE** in writing why the Court should not issue a Bar Order finding

22   him to be vexatious litigant and ending his ability to file additional such cases pro se in this

23   District.  Such a Bar Order specifically would include the following restrictions:

24

1    1) Card is prohibited from filing any pro se civil action in the Western District of

2    Washington unless the complaint or petition is accompanied by an affidavit signed under penalty

3    of perjury attesting and demonstrating that the complaint contains new allegations not previously

4    litigated.  Card may not proceed *in forma pauperis* in civil action without a showing that he is in

5    imminent danger of serious bodily injury or death.  Any proposed complaint or petition not

6    accompanied by such an affidavit or a showing imminent danger will not be filed.  This is true

7    whether Card pays a filing fee, or not.

8    2) The Clerk will initially file any of Card's future *pro se* complaints and/or *in forma*

9    *pauperis* applications in a miscellaneous case specifically designated for this purpose.  The Clerk

10    shall open a miscellaneous case, *In re Tony Lamar Card*, for this purpose, and shall file this

11    Order in that new miscellaneous case.  The Court will screen each proposed filing to determine

12    whether it shall be filed.

13    3) The Clerk will not issue summonses in any *pro se* action Card attempts to file in this

14    District without prior approval of the Court.

15    4) The Court may dismiss any future *pro se* complaint, and deny any motions for *in*

16    *forma pauperis* status, upon a finding that the complaint suffers from the same defects outlined

17    above, or is otherwise without merit, without issuing an order to show cause or permitting Card

18    to file an amended complaint.

19    5) This pre-filing screening will not apply to any filing made in this District where Card

20    is represented by counsel.  Any such complaint accompanied by a filing fee may immediately

21    receive a civil number.  The Court will nevertheless *sua sponte* dismiss any such filing that is

22    facially frivolous.

23

24

1    The Clerk shall file this Notice of Intent to Enter a Bar Order in each of the 22 cases Card

2    has filed in this district.

3    Plaintiff Card's Response to this Order is due **no later than June 3, 2025** and may not

4    exceed 12 pages.  He may file it in this case or any other, but he need not file it in each case.  No

5    motions, attachments, exhibits, statements, or supporting documentation will be considered.  If

6    Card continues with the sorts of filings she has made so far, the Court will enter the Bar Order

7    restricting his ability to file any pro se cases in this District.  The failure to file a response will

8    also result in the issuance of a Bar Order.

9    The Clerk shall calendar this event.

10    **SO ORDERED.**

11    Dated this 13th day of May, 2025.

12

13

14    David G. Estudillo
      United States District Judge

15

16

17

18

19

20

21

22

23

24

NOTICE OF INTENT TO ENTER BAR ORDER - 18